**SIGNED.**

**Dated: March 10, 2011**



_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| GREGORY A. FRIEDMAN and JUDITH MERCER-FRIEDMAN, | No. 4:07-bk-02135-JMM |
| Debtors. | **MEMORANDUM DECISION** |

On March 7, 2011, a hearing was held on the issue of whether to dismiss, or to convert this case to a Chapter 7 proceeding. Appearances were noted. The following discusses the long procedural odyssey of this case.

## BACKGROUND

The Debtors filed their Chapter 11 case on October 26, 2007. Despite having been in Chapter 11 for almost 3 1/2 years, the Debtors have been unable to confirm a reorganization plan.

The Debtors appeared in support of their plan (ECF No. 180) on February 17, 2011 (ECF No. 224). However, at that time, the court made a legal ruling which effectively ended the Debtors' ability to proceed with the plan that was before the court. The plan was denied (ECF No. 219).

In the same order, the court gave the Debtors until March 1, 2011 to file a new plan which complied with the legal ruling. The court made it clear that if the Debtors failed to do so, the court would consider converting or dismissing the case, at a future hearing to be held on March 7, 2011.

1 The Debtors did not file a new plan and disclosure statement by the March 1, 2011
2 deadline. Nor have they done so to this date. Instead, they appealed the denial order, contending
3 that the legal issue, decided by the court, was erroneous (ECF No. 220).
4 One of the Debtors' creditors, P+P, LLC, filed a motion to appoint a trustee (ECF
5 No. 221).

## **LAW**

The Debtors failed to follow the court's order to file a new plan and disclosure statement. Instead, they appealed an interlocutory order,[1] and, to date, have not shown that the Bankruptcy Appellate Panel has granted leave for such appeal. FED. R. BANKR. P. 8001(b)

Appeal was not an option granted by the February 17, 2011 order.

Accordingly, on the procedural facts before it, this court finds that the Debtors' case should be converted to a case under Chapter 7 for (1) absence of a reasonable likelihood of rehabilitation, § 1112(4)(A); (2) failure to comply with an order of the court, § 1112(4)(E); and (3) failure to file a disclosure statement, or to file or confirm a plan within the time fixed by order of the court, § 1112(4)(J). Three and one-half years has provided the Debtors with enough time to move forward. An impartial trustee should determine whether sufficient assets exist to merit liquidation.

A separate order will be entered converting the case to a proceeding under Chapter 7.

DATED AND SIGNED ABOVE.

---

[1] In re Lievsay, 118 F.3d 661, 662 (9th Cir. 1997) (denial of a plan of reorganization is interlocutory).

1 | COPIES to be sent by the BNC ("Bankruptcy Noticing Center") to the following:

2 |

3 | Scott D. Gibson, Attorney for Debtors

4 | Elizabeth Wilson, Attorney for IRS

5 | Duncan E. Barber, Attorney for P+P, LLC

6 | Office of the U.S. Trustee