**SIGNED.**

**Dated: March 29, 2011**

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GREGORY A. FRIEDMAN and JUDITH MERCER-FRIEDMAN, | ) | No. 4:07-bk-02135-JMM |
| | ) | |
| | ) | **MEMORANDUM DECISION** |
| _____ Debtors. _____ | ) | |

Before the court is the Debtors'/Appellants' motion for stay pending appeal pursuant to FED. R. BANKR. P. 8005 (ECF No. 233). Argument was heard on March 23, 2011. The court now rules.

The court weighs the Wymer[1] factors in the following way:

## 1. Are Appellants likely to succeed on the merits of the appeal?

Noting the split of trial court authority in both of the Ninth Circuit and across the country, the Appellants have a reasonable chance of prevailing on appeal. The odds are 50/50. It is important to the trial bench to obtain some direction from the Bankruptcy Appellate Panel, as this issue on appeal is beginning to be argued more often. In addition, although the appeal issue stems from an interlocutory order, which may be the most usual way in which it is raised (i.e., denial of confirmation), these Debtors have asked leave of the BAP's motions panel to accept the case in this procedural posture. It is certainly possible that the BAP grants the Appellants' motion for leave.

The court finds this factor favors the Appellants.

---

[1] In re Wymer, 5 B.R. 802, 806 (9th Cir. BAP 1980).

**2.  Will irreparable injury be suffered by the Appellants if no stay is granted?**

This factor also favors the Appellants.  They may find that their principal business asset is sold in a Chapter 7, leaving them without this ability to earn a living.  If their plan is confirmed, they can retain the asset.

**3.  Will the Appellees suffer substantial harm because of the stay?**

This factor weights in favor of the Appellants.  The harm to Appellees is merely a short delay, while the critical appellate question is answered.  Balancing the harm tips in the Appellants' favor.

**4.  Will the public interest be harmed by reason of the stay?**

As a policy question, the public interest will be advanced by obtaining a BAP ruling on the applicability of the absolute priority rule in an individual case.  Debtors and creditors alike will then finally know which "ground rules" apply to them, and this important legal question may be answered.

The Appellants have been more persuasive on this point than the Appellees.

**RULING**

A separate order will be entered which:

1.     Grants the Appellants' motion for stay pending appeal (so long as the appeal to the BAP is viable); and

Case 4:07-bk-02135-BMW     Doc 245    Filed 03/29/11    Entered 03/30/11 12:47:52    Desc
Main Document      Page 2 of 3

1    2.   Stays the Chapter 7 conversion order(s) of this court dated February 17

2       and March 10, 2011 (ECF Nos. 219 and 229).

      DATED AND SIGNED ABOVE.

COPIES to be sent by the BNC ("Bankruptcy Noticing Center")
to the following:

Scott D. Gibson, Attorney for Debtors

Elizabeth Wilson, Attorney for IRS

Duncan E. Barber, Attorney for P+P, LLC

Office of the U.S. Trustee

3